**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JUSTINE OSBORNE,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No. 26-cv-11557

**Judge Elaine E. Bucklo**

**Magistrate Judge Keri L. Holleb Hotaling**

**TEMPORARY RESTRAINING ORDER**

Plaintiff JUSTINE OSBORNE ("Osborne" or "Plaintiff") filed an *Ex Parte* Motion for Entry of a Temporary Restraining Order, including a Temporary Injunction, a Temporary Asset Restraint, Expedited Discovery, and Leave to Provide Notice of Further Proceedings by Electronic Means Under Rule 65(a)(1) (the "Motion") against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, "Defendants") and using at least the online marketplace accounts identified in Schedule A (the "Defendant Internet Stores"). After reviewing the Motion and the accompanying record, this Court GRANTS Osborne's Motion as follows.

This Court finds that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, each Defendant set up and operates one or more e-commerce stores that target United States consumers, offer shipping to the United States, including Illinois, and have sold products bearing infringing versions of Osborne's federally registered copyright (the "Justine Osborne Work") to residents of Illinois. *See* Declaration of Justine Osborne, which includes evidence confirming that each Defendant Internet Store stands ready, willing, and able to ship its

unauthorized goods to customers in Illinois bearing infringing versions of the Justine Osborne Work.

This Court also finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Osborne has presented specific facts in the Declaration of Justine Osborne and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Specifically, in the absence of an *ex parte* Order, Defendants could and likely would move any assets from accounts in financial institutions under this Court's jurisdiction to off-shore accounts. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily enjoined and restrained from:

   a. using the Justine Osborne Work or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine product bearing the Justine Osborne Work or not authorized by Osborne;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine product authorized by Osborne or any other product produced by Osborne, that is not Osborne's or not produced under the authorization, control, or supervision of Osborne and approved by Osborne for sale under the Justine Osborne Work;

   c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Osborne, or are sponsored by, approved by, or otherwise connected with Osborne; and

d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Osborne, nor authorized by Osborne to be sold or offered for sale, and which bear the Justine Osborne Work, or any reproductions, infringing copies, or colorable imitations.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. Osborne is authorized to issue expedited written discovery to Defendants, pursuant to Federal Rules of Civil Procedure 33, 34, and 36, related to:

a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Defendant Internet Stores and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Defendant Internet Stores; and

c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon Payments, Inc. ("Amazon"), Walmart Inc. ("Walmart"), Roadget Business Pte. Ltd. ("SHEIN"), or other merchant

account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Upon Osborne's request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' Defendant Internet Stores, including, without limitation, any online marketplace platforms such as Amazon, Walmart, and SHEIN (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Osborne expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Defendant Internet Stores and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Defendant Internet Stores; and

c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon, Walmart, SHEIN, or other

merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

5. Upon Osborne's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 4, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Justine Osborne Work.

6. Any Third Party Providers, including Amazon, Walmart, and SHEIN, shall, within seven (7) calendar days of receipt of this Order:

   a. Locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto and any e-mail addresses associated with the Defendant Internet Stores; and

   b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court or until the Order expires, whichever occurs earlier.

7. Osborne may provide notice of the proceedings in this case to Defendants, including notice of any motion for preliminary injunction and any future motions and proceedings, by electronic means, by sending an e-mail to the e-mail addresses associated with the Defendant Internet Stores, including any e-mail addresses obtained through the expedited discovery authorized by this Order or otherwise provided for Defendants by third parties, and/or by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website. The combination of providing notice via e-mail and/or electronic publication, along with any notice that Defendants receive from payment processors in

connection with this Order, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and of any motion for preliminary injunction and to afford them the opportunity to present their objections as required by Rule 65(a)(1). This Order does not authorize, and Plaintiff does not by the Motion seek, formal service of process under Fed. R. Civ. P. 4(f)(3); Plaintiff reserves any request for formal electronic service of process, supported by the per defendant address-diligence showing for a later motion.

8. Osborne must provide notice to Defendants of any motion for preliminary injunction as required by Rule 65(a)(1).

9. Osborne's Exhibit 2 to the Declaration of Justine Osborne shall remain sealed until further order by this Court or until the Order expires, whichever occurs earlier.

10. Within seven (7) calendar days of entry of this Order, Osborne shall deposit with the Court Five Thousand Dollars ($5,000), either cash or surety bond, as security, which amount has, in the absence of adversarial testing, been deemed adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

11. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

12. This Temporary Restraining Order without notice is entered at 9:45 A.M. on this 19th day of October 2026 and shall remain in effect for fourteen (14) calendar days.

Elaine E. Bucklo
United States District Judge

**Schedule A**

| No. | Defendants |
|---|---|
| 1 | CHENXINGSHOU |
| 2 | tunxishangmao |
| 3 | Nox Oko |
| 4 | Kaelokl |
| 5 | Taishun Youtai Tradin |