Exhibit 1

**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ADRIAN KEITH CHESTERMAN,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No. 1:26-cv-06560<br><br>**Judge Elaine E. Bucklo**<br><br>**Magistrate Judge Young B. Kim** |

**PRELIMINARY INJUNCTION ORDER**

Plaintiff ADRIAN KEITH CHESTERMAN ("Chesterman" or "Plaintiff") filed a Motion for Entry of a Preliminary Injunction against the the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, "Defendants") and using at least the online marketplace accounts identified in Schedule A (the "Defendant Internet Stores"). After reviewing the Motion and the accompanying record, this Court GRANTS Chesterman's Motion in part as follows.

This Court finds Chesterman has provided notice to Defendants in accordance with the Temporary Restraining Order entered August 5, 2026, [21] ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Chesterman has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer

shipping to the United States, including Illinois, and have sold products using infringing versions of Chesterman's federally registered copyrights, which are protected by U.S. Copyright Registration Nos. VA 2-444-991; VA 2-444-985; VA 2-445-061; VA 2-444-988; VA 2-444-990; VA 2-444-999; VA 2-445-070; VA 2-445-084; VA 2-444-989; VA 2-445-001; and VA 2-444-986 (the "Adrian Chesterman Works") to residents of Illinois. In this case, Chesterman has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using infringing versions of the Adrian Chesterman Works. *See* Docket No. [16], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its unauthorized goods to customers in Illinois bearing infringing versions of the Adrian Chesterman Works.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Chesterman's previously granted Motion for Entry of a TRO establishes that Chesterman has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Chesterman will suffer irreparable harm if the injunction is not granted.

Specifically, Chesterman has proved a *prima facie* case of copyright infringement because (1) the Adrian Chesterman Works are registered with the U.S. Copyright Office, (2) Defendants are not licensed or authorized to use the Adrian Chesterman Works, and (3) Defendants' use of the Adrian Chesterman Works is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Chesterman. Furthermore, Defendants' continued and unauthorized use of the Adrian Chesterman Works irreparably harms Chesterman through diminished goodwill

and brand confidence, damage to Chesterman's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Chesterman has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

    a. using the Adrian Chesterman Works or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Chesterman product or not authorized by Chesterman to be sold in connection with the Adrian Chesterman Works;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Chesterman product or any other product produced by Chesterman, that is not Chesterman's or not produced under the authorization, control, or supervision of Chesterman and approved by Chesterman for sale under the Adrian Chesterman Works;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Chesterman, or are sponsored by, approved by, or otherwise connected with Chesterman; and

    d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner,

products or inventory not manufactured by or for Chesterman, nor authorized by Chesterman to be sold or offered for sale, and which bear any of Chesterman's copyrights, including the Adrian Chesterman Works, or any reproductions, infringing copies, or colorable imitations.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. Upon Chesterman's request, Defendants and any third party with actual notice of this Order who is providing services for any of Defendants, or in connection with any of Defendants' Defendant Internet Stores, including, without limitation, any online marketplace platforms such as Amazon Payments, Inc. ("Amazon"), Temu, LLC ("Temu"), and Walmart Inc. ("Walmart") (the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Chesterman expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Defendant Internet Stores and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Defendant Internet Stores; and

c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon, Temu, Walmart, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Upon Chesterman's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 3, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Adrian Chesterman Works.

5. Any Third Party Providers, including Amazon, Temu, and Walmart shall, within seven (7) calendar days of receipt of this Order:

a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 2 to the Declaration of Adrian Keith Chesterman, and any e-mail addresses provided for Defendants by third parties; and

b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

6. Chesterman may provide notice of the proceedings in this case to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by

electronically publishing a link to the Complaint, this Order, and other relevant documents on a website or by sending an e-mail with a link to said website to the e-mail addresses identified in Exhibit 2 to the Declaration of Adrian Keith Chesterman and any e-mail addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "PaiWeiYeYa and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

7. Plaintiff's Exhibit 2 to the Declaration of Adrian Keith Chesterman [16], and the TRO [21] are unsealed.

8. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

9. The ten thousand dollar ($10,000) bond posted by Chesterman shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

SO ORDERED:

Elaine E. Bucklo
United States District Judge

Dated: August 19, 2026

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

KATE DOLAMORE,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No. 1:26-cv-06556

**Judge Elaine E. Bucklo**

**Magistrate Judge Heather K. McShain**

**PRELIMINARY INJUNCTION ORDER**

Plaintiff KATE DOLAMORE ("Dolamore" or "Plaintiff") filed a Motion for Entry of a Preliminary Injunction against the against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, "Defendants") and using at least the online marketplace accounts identified in Schedule A (the "Defendant Internet Stores"). After reviewing the Motion and the accompanying record, this Court GRANTS Dolamore's Motion in part as follows.

This Court finds Dolamore has provided notice to Defendants in accordance with the Temporary Restraining Order entered August 5, 2026, [21] ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Dolamore has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer

shipping to the United States, including Illinois, and have sold products using infringing versions of Dolamore's federally registered copyright, which are protected by U.S. Copyright Registration Nos. VA 2-468-071; VA 2-468-073; and VA 2-469-437 (the "Kate Dolamore Works") to residents of Illinois. In this case, Dolamore has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using infringing versions of the Kate Dolamore Works. *See* Docket No. [15], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its unauthorized goods to customers in Illinois bearing infringing versions of the Kate Dolamore Works.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Dolamore's previously granted Motion for Entry of a TRO establishes that Dolamore has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Dolamore will suffer irreparable harm if the injunction is not granted.

Specifically, Dolamore has proved a *prima facie* case of copyright infringement because (1) the Kate Dolamore Works is registered with the U.S. Copyright Office, (2) Defendants are not licensed or authorized to use the Kate Dolamore Works, and (3) Defendants' use of the Kate Dolamore Works is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Dolamore. Furthermore, Defendants' continued and unauthorized use of the Kate Dolamore Works irreparably harms Dolamore through diminished goodwill and brand confidence, damage to Dolamore's reputation, loss of exclusivity, and loss of future sales.

Monetary damages fail to address such damage and, therefore, Dolamore has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

   a. using the Kate Dolamore Works or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Dolamore product or not authorized by Dolamore to be sold in connection with the Kate Dolamore Works;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Dolamore product or any other product produced by Dolamore, that is not Dolamore's or not produced under the authorization, control, or supervision of Dolamore and approved by Dolamore for sale under the Kate Dolamore Works;

   c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Dolamore, or are sponsored by, approved by, or otherwise connected with Dolamore; and

   d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Dolamore, nor authorized by Dolamore to be sold or offered for sale, and which bear any of Dolamore's copyrights, including the Kate Dolamore Works, or any reproductions, infringing copies, or colorable imitations.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. Upon Dolamore's request, Defendants and any third party with actual notice of this Order who is providing services for any of Defendants, or in connection with any of Defendants' Defendant Internet Stores, including, without limitation, any online marketplace platforms such as Amazon Payments, Inc. ("Amazon"), Raodget Business Pte. Ltd. ("SHEIN"), Temu, LLC ("Temu"), and Walmart Inc. ("Walmart") (the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Dolamore expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

   a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

   b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Defendant Internet Stores and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Defendant Internet Stores; and

   c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon, SHEIN, Temu, Walmart, or other

merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Upon Dolamore's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 3, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Kate Dolamore Works.

5. Any Third Party Providers, including Amazon, SHEIN, Temu, Walmart, shall, within seven (7) calendar days of receipt of this Order:

   a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 2 to the Declaration of Kate Dolamore, and any e-mail addresses provided for Defendants by third parties; and

   b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

6. Dolamore may provide notice of the proceedings in this case to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website or by sending an e-mail with a link to said website to the e-mail addresses identified in Exhibit 2 to the Declaration of Kate Dolamore and any e-mail addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "Gaobeidian Chaojie Trading Co., Ltd and all other Defendants identified in the Complaint" that shall apply to all Defendants. The

combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

7. Plaintiff's Exhibit 2 to the Declaration of Kate Dolamore [15], and the TRO [21] are unsealed.

8. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

9. The ten thousand dollar ($10,000) bond posted by Dolamore shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

SO ORDERED:

Elaine E. Bucklo
United States District Judge

Dated: 8/19/2026